**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

WILLIE RAY SHED                         CIVIL ACTION NO. 04-1080-P

versus                                  JUDGE HICKS

WARDEN T. W. THOMPSON                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

The procedural history, factual background, and applicable standards of law are detailed in the well-reasoned Report and Recommendation issued by the Magistrate Judge and are incorporated herein by reference.  [Doc. No. 34].  In his report, the Magistrate Judge recommended that the petition for writ of habeas corpus be granted and that petitioner's conviction be vacated.[1]  The respondent timely filed an objection [Doc. No. 39] to which the petitioner filed a response.  [Doc. No. 41].  For the reasons which follow, the Court concurs with the recommendation of the Magistrate Judge.

Essentially, the Magistrate Judge found that the petitioner had ineffective assistance of counsel at trial because his attorney failed to file a motion to suppress evidence found by the officers upon entry into the petitioner's residence.  It is uncontested that Clarence Lee ("Lee"), a third party who purported to give the officers permission to enter petitioner's home, did not have the actual authority to do so.  The relevant inquiry therefore is whether Lee had *apparent* authority to do so.

In Illinois v. Rodriguez,  497 U.S. 177, 110 S.Ct. 2793 (1990), the Supreme Court stated:

_____

[1]As the Magistrate Judge noted, the petitioner has since been charged with drug crimes in federal court to which he has pled guilty.  Petitioner remains in federal custody awaiting sentencing.  See U.S. v. Crawford, 06 CR 50165-03.

The Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). The prohibition does not apply, however, to situations in which voluntary consent has been obtained, either from the individual whose property is searched, see Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), or from a third party who possesses common authority over the premises, see United States v. Matlock, [415 U.S.164, 171, 94 S.Ct. 988, 993 (1974)]. . . . .

As we stated in Matlock, supra, at 171, n. 7, 94 S.Ct., at 993, n. 7, "[c]ommon authority" rests "on mutual use of the property by persons generally having joint access or control for most purposes...." The burden of establishing that common authority rests upon the State.

Rodriguez, 497 U.S. at 181, 110 S.Ct. at 2797.

The Rodriguez Court expanded the consent exception to the warrant requirement to include consent given by those with "apparent authority" to give such consent, noting:

It is apparent that in order to satisfy the "reasonableness" requirement of the Fourth Amendment, what is generally demanded of the many factual determinations that must regularly be made by agents of the government-whether the magistrate issuing a warrant, the police officer executing a warrant, or the police officer conducting a search or seizure under one of the exceptions to the warrant requirement-is not that they always be correct, but that they always be reasonable.  As we put it in Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949):

"Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability."

Rodriguez, 497 U.S. at 185-186, 110 S.Ct. at 2800.

However, in order for an officer to rely on a third party's "apparent authority" to consent to warrantless entry or search, his reliance must be objectively reasonable:

> . . . what we hold today does not suggest that law enforcement officers may always accept a person's invitation to enter premises. Even when the invitation is accompanied by an explicit assertion that the person lives there, the surrounding circumstances could conceivably be such that a reasonable person would doubt its truth and not act upon it without further inquiry. As with other factual determinations bearing upon search and seizure, determination of consent to enter must "be judged against an objective standard: *would the facts available to the officer at the moment ... 'warrant a man of reasonable caution in the belief' " that the consenting party had <u>authority over the premises</u>?* <u>Terry v. Ohio</u>, 392 U.S. 1, 21-22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). *If not, then warrantless <u>entry</u> without further inquiry is unlawful unless authority actually exists.* But if so, the search is valid.

<u>Rodriguez</u>, 497 U.S. at 188-189, 110 S.Ct. at 2801 (emphasis added).

Based on the foregoing, the Fourth Amendment would prohibit the officers' *warrantless entry* into petitioner's home unless the facts available to the officers at that time would warrant a man of reasonable caution to believe, without further inquiry, that Lee had *authority over the premises*.  <u>See also</u> <u>U.S. v. Jaras</u>  86 F.3d 383 (5th Cir. 1996)(*citing* <u>Rodriguez</u>).  Facts that might militate in favor of a finding of actual or apparent authority include, but are not limited to: (1) possession of a key to the premises; (2) a person's admission that he lives at the residence in question; (3) possession of a driver's license listing the residence as the driver's legal address; (4) receiving mail and bills at that residence; (5) keeping clothing at the residence; (6) having one's children reside at that address; (7) keeping personal belongings such as a diary or a pet at that residence; (8) performing household chores at the home; (9) being on the lease for the premises and/or

paying rent; and (10) being allowed into the home when the owner is not present.  See U.S. v. Groves, 470 F.3d 311, 319 (7th Cir. 2006)(internal citations omitted).

In the instant matter, the Magistrate Judge conducted an evidentiary hearing and determined that all the officers knew at that time was that Lee had entered the petitioner's home without knocking and that he was not the homeowner.  Based on the evidence submitted, the Magistrate Judge concluded that no person of reasonable caution could have concluded based on those facts alone that Lee had authority over the premises.  This Court agrees.[2]  At best, the extent of Lee's authority was ambiguous.  The law is well settled that if such an ambiguity exists, the officer must make further inquiry before entering without a warrant.  See Rodriguez, supra; U.S. v. Waller, 426 F.3d 838, 847 (6th Cir. 2005)(and cases cited therein); U.S. v. Kimoana, 383 F.3d 1215, 1222 (10th Cir. 2004).  See also U.S. v. Corral, 339 F.Supp.2d 781, 795 n.12 (W.D. Tex. 2004)("The circumstances should have led to further questions about [the third-party's] precise duties and relationship to [the homeowner] before an entry into the house took place.")(emphasis in original).  Accordingly, this Court finds that the state court's conclusory finding on direct appeal (without the benefit of an evidentiary hearing) that Lee had apparent authority "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

In objection to the Magistrate Judge's Report and Recommendation, the respondent argues that consent to enter and consent to search are not the same.  Respondent argues that Lee merely gave consent for the officers to enter, and upon entering, the evidence at

---

[2]Indeed, if that were enough, any person present in a home at any time would have "apparent authority" to grant permission not only to enter the premises, but to search as well.

issue was in plain view.  Thus, the respondent argues, no search occurred.  However, consent to enter and consent to search are governed by the same standards.  See Illinois v. Rodriguez, supra.("[D]etermination of **consent to enter** must "be judged against an objective standard: would the facts available to the officer at the moment ... 'warrant a man of reasonable caution in the belief' " that the consenting party had authority over the premises? If not, then **warrantless entry** without further inquiry is unlawful unless authority actually exists.")(internal citations omitted).  It is undisputed that Lee did not have "actual authority" to consent to entry.  As shown above, a man of reasonable caution would not have believed based on the facts then known, without further inquiry, that Lee had such authority over the premises (hence no "apparent authority).  Accordingly, the officers' entry into petitioner's home was prohibited by the Fourth Amendment.

The respondent argues that the evidence at issue was in plain view.  The plain view exception to the warrant requirement only applies if the officers were lawfully in a position from which they viewed the evidence in question.  See Horton v. California, 496 U.S. 128, 136-137, 110 S.Ct. 2301, 2307-2308, 110 L.Ed.2d 112 (1990); Texas v. Brown, 460 U.S. 730, 739, 103 S.Ct. 1535, 1541-1542, 75 L.Ed.2d 502 (1983) (plurality opinion).  Because the evidence at issue was in "plain view" until after the officers entered the petitioner's home without a warrant in violation of the Fourth Amendment, that doctrine does not apply to the instant case.  See, e.g., Murray v. U.S., 487 U.S. 533, 108 S.Ct. 2529 (1988)(discussing inapplicability of plain view doctrine if entry unlawful).  Accordingly, the evidence should have been suppressed under clearly established federal law upon an appropriate motion by defense counsel.

Based on the foregoing, as well as the reasons stated in the Magistrate Judge's Report and Recommendation, and concurring with the findings of the Magistrate Judge

under the applicable law, the Court finds that a motion to suppress would have been granted under the well settled federal jurisprudence if such a motion had been filed. Accordingly, the Court finds that petitioner's trial counsel was ineffective under <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984), for failing to file such a motion.

Therefore:

**IT IS ORDERED** that the petition for writ of habeas corpus is **GRANTED** as follows: The conviction of Petitioner, Willie Ray Shed, for possession of firearm by convicted felon, La. R.S. 14:95.1, entered in the First Judicial District Court, Caddo Parish, in suit No. 213,063, and reported in <u>State v. Shed</u>, 828 So.2d 124 (La. App. 2 Cir. 2002), <u>writ</u> <u>denied</u>, 861 So.2d 561(La. 2003), is hereby **VACATED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 13th day of September, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE